UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:10-CR-00347 |
| | : | 5:14-CV-00214 |
| Plaintiff/Respondent, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 42] |
| TIMOTHY ISRAEL, | : | |
| | : | |
| Defendant/Petitioner. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Timothy Israel asks the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In support of his motion, Petitioner Israel presents three main arguments. First, he argues that he was not competent to enter a plea of guilty.[1] Second, he argues that statements garnered during his competency evaluation and subsequently used during his sentencing hearing violated his Fifth Amendment right against self-incrimination.[2] Third, he says his counsel was constitutionally ineffective in violation of his Sixth Amendment rights.[3] For the reasons below, the Court **DENIES** Israel's motion.

### I. Factual and Procedural Background

On August 18, 2010, a grand jury indicted Petitioner Israel on three counts: (1) knowingly receiving in interstate and foreign commerce numerous computer files containing visual depictions of real minors engaged in sexually explicit conduct; (2) knowingly distributing in interstate and foreign commerce numerous computer files containing visual depictions of real minors engaged in

---

[1] Doc. 42 at 6.
[2] *Id.* at 8.
[3] *Id.* at 10. The Government opposes Israel's motion. Doc. 44.

Case No. 5:10-CR-00347
Gwin, J.

sexually explicit conduct; and (3) using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.[4]

Petitioner Israel moved for[5] and received a competency evaluation and hearing.[6] Prior to beginning the evaluation, Dr. Betsy Campbell informed Israel that any statements made would not be confidential and would be conveyed to the court.[7] Petitioner Israel indicated he understood and proceeded with the evaluation.[8]

Dr. Campbell produced a report that concluded that Petitioner Israel was competent.[9] After a hearing where the parties stipulated to the findings in Dr. Campbell's report, Magistrate Judge Vecchiarelli issued a report and recommendation that Petitioner Israel be found competent, as well as a report and recommendation that Petitioner Israel had knowingly and voluntarily waived his rights and entered a guilty plea.[10] The Court adopted both recommendations without objection and accepted Petitioner Israel's plea agreement.[11]

On November 8, 2011, the Court sentenced Petitioner Israel to 840 months' imprisonment.[12] In late 2012, the Sixth Circuit affirmed Israel's sentence.[13] Petitioner Israel's petition for certiorari was denied on January 22, 2013.[14] On January 22, 2014, Petitioner Israel timely filed a motion to

---

[4] Doc. 1 at 1-2.
[5] Doc. 12.
[6] Doc. 16.
[7] *Id.* at 1.
[8] *Id.*
[9] *Id.*
[10] Doc. 20 (report and recommendation on competence); Doc. 22 (report and recommendation on guilty plea).
[11] Doc. 24; Doc. 25. Under the plea agreement, Petitioner Israel pled guilty to all three counts of the indictment.
[12] Doc. 35 at 20.
[13] Doc. 37.
[14] Doc. 39.

Case No. 5:10-CR-00347
Gwin, J.

vacate under 28 U.S.C. § 2255, together with a motion for an extension of time to file an amended petition.[15] The Court granted the extension, and Petitioner Israel filed his amended petition.[16]

## II.  Legal Standards

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law.  Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[17]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[18]  And to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[19]

Claims of ineffective assistance of counsel are measured by the two prong test articulated in *Strickland v. Washington*.[20]  First, the defendant must demonstrate that his counsel's performance

---

[15] Doc. 40; Doc. 41.  Although these documents were filed on the Court's docket on January 31, 2014, they are deemed filed on January 22, 2014, when Petitioner Israel submitted them to the prison mailing system. Rules Governing § 2255 Proceedings for the United States District Courts, R. 3(d).

[16] Doc. 42.

[17] 28 U.S.C. § 2255(a).

[18] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[19] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[20] 466 U.S. 668 (1984).

Case No. 5:10-CR-00347
Gwin, J.

was so professionally deficient that he was no longer functioning as "counsel." Second, the defendant must demonstrate that these deficiencies actually prejudiced him. Judicial scrutiny of counsel's performance is "highly deferential."[21/]

Typically, to raise an issue under § 2255, the movant must have preserved the error by objecting contemporaneously or by raising the issue on direct appeal.[22/] When the movant has failed to do either, he must demonstrate both "cause" and "prejudice," a standard "significantly higher" than plain error.[23/] The movant must demonstrate by a preponderance of the evidence (1) that there was good cause to excuse the failure and (2) that actual prejudice resulted from the putative error.[24/]

### III. Analysis

**A. Petitioner Israel Was Competent to Plead Guilty**

Petitioner Israel claims that he was not competent to plead guilty.[25/] Because Israel did not raise this issue on direct appeal, he must demonstrate both cause and prejudice to argue it now. As good cause, Israel asserts that his "counsel failed to appeal." Although a counsel's failure to appeal an issue may constitute "good cause," the attorney's failure must rise to the level of ineffective assistance of counsel.[26/] To prevail in this regard, Petitioner Israel must demonstrate that his attorney's performance fell below an objective standard of reasonableness and that Israel was prejudiced as a result.[27/]

---

[21/] *Id.* at 689.
[22/] *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).
[23/] *Id.* at 153.
[24/] *Id.* at 165-67.
[25/] Doc. 42 at 6.
[26/] *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (citing *Hodges v. Colson*, 711 F.3d 589, 602 (6th Cir. 2013)).
[27/] *Strickland*, 466 U.S. at 669.

Case No. 5:10-CR-00347
Gwin, J.

"To be adjudged competent, a defendant must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'"[28] In support of his incompetency claim, Petitioner Israel points to statements made at sentencing. These statements noted that Petitioner Israel "ha[d] extreme thinking errors," "describe[d] his sexual conduct as if he is talking about an adult peer," and spoke of his sexual encounters with children "as if th[ey] w[ere] socially acceptable."[29] This evidence, however, does not demonstrate a lack of competency.

To the contrary, the record conclusively demonstrates that Petitioner Israel was competent. After observing Petitioner Israel over a forty-seven day period, Dr. Campbell concluded that he was competent.[30]

Dr. Campbell found Israel "well-oriented to time, place, person, and situation at the time of his admission."[31] "[H]e was able to interact appropriately with staff and participated in competency related interviews reasonably and rationally."[32] Dr. Campbell also found "Mr. Israel meets criteria for a diagnosis of Malingering."[33]

The parties stipulated to Dr. Campbell's conclusion.[34] Moreover, Magistrate Judge Vecchiarelli's comments regarding Dr. Campbell's report indicated that Magistrate Judge

---

[28] *Filiaggi v. Bagley*, 445 F.3d 851 858 (6th Cir. 2006) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).
[29] Doc. 35 at 12-13.
[30] Doc. 16 at 8.
[31] *Id.* at 5.
[32] *Id.*
[33] *Id.* at 7.
[34] Doc. 23 at 2-4.

Case No. 5:10-CR-00347
Gwin, J.

Vecchiarelli had read and considered the report independent of the parties' stipulation.[35] And furthermore, Petitioner Israel had previously been found competent in a 2009 state criminal proceeding.[36] These factors all contribute to a conclusion that Petitioner Israel was properly found competent.

Petitioner Israel says that testimony from Social Security physicians who had treated him should have been considered in determining his competency. But Israel makes no assertion as to what those physicians would have testified to or how this evidence would have overcome the record evidence that uniformly led to the conclusion that Petitioner Israel was competent.[37] Accordingly, Petitioner Israel's argument that he was not competent does not warrant § 2255 relief.

**B. Petitioner Israel's Fifth Amendment Rights Were Not Violated**

Petitioner Israel next says that statements obtained during his competency evaluation were impermissibly used at sentencing. Israel asserts that he was not "appraised of the fact that anything he said to the government assessor was not privileged nor confidential."[38] Petitioner Israel, however, did not raise this issue on direct appeal and therefore must demonstrate both cause and prejudice to proceed with it now.

---

[35] *Id.* at 4 ("[W]hile the report noted there may have been some issues, there were no mental conditions that would prevent the defendant from proceeding competently to trial. . . . Therefore Mr. Israel is not currently suffering from a mental disease or defect rendering him incompetent to the extent he is unable to understand the nature and the consequences of the proceeding against him or properly assist in his defense.").

[36] Doc. 44 at 4; *cf. United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008) ("In determining a defendant's competence, the court considers several factors, including . . . any prior medical opinion on competence to stand trial." (internal quotation marks and citation omitted)).

[37] Petitioner Israel also argues that his counsel was ineffective by not presenting evidence from these doctors. The Court addresses this argument in Section III.C with Petitioner Israel's other claims of ineffective assistance of counsel.

[38] Doc. 42-1 at 6.

Case No. 5:10-CR-00347
Gwin, J.

Petitioner Israel asserts that his counsel's failure to appeal the issue constitutes good cause.[39/] This claim succeeds only if Israel can demonstrate that his counsel was constitutionally ineffective in this regard.[40/] Petitioner Israel cannot do so because it was not objectively unreasonable for his counsel not to raise this issue on appeal nor was Israel prejudiced because there was no Fifth Amendment violation.

Despite Israel's assertion, the record is not "ominously silent"[41/] with respect to his knowledge of the nature of the competency evaluation. Rather, the record explicitly refutes his claim of ignorance. Dr. Campbell's report begins by stating that Israel was informed that nothing would be confidential and all results would be submitted to the Court.[42/] The report further states that Israel indicated he understood this.[43/] Consideration at sentencing of statements Petitioner Israel made during his competency evaluation thus did not violate Israel's rights against self-incrimination.

Moreover, even if Israel had not been appraised of the nature of the evaluation, there would still be no error in the Court's consideration of his statements, as demonstrated by the Sixth Circuit's recent decision in a strikingly similar case. In *United States v. Graham-Wright*, the Sixth Circuit held that statements a defendant in a child pornography case made during a competency evaluation he requested were properly considered at sentencing.[44/] In reaching this conclusion, the court noted that, at least in non-capital cases, "[s]entencing hearings may include evidence otherwise inadmissible at trial so long as the evidence is reliable," which means that "*Miranda* generally does not apply at

---

[39/] Doc. 42 at 8.
[40/] *Huff*, 734 F.3d at 606.
[41/] Doc. 42-1 at 7.
[42/] Doc. 16 at 1.
[43/] *Id.*
[44/] *See United States v. Graham-Wright*, 715 F.3d 598 (6th Cir. 2013).

Case No. 5:10-CR-00347
Gwin, J.

sentencing."[45] There was thus no error in the Court hearing statements Petitioner Israel made during his competency examination. Furthermore, even if there had been error, Israel has not demonstrated prejudice, as there is nothing to indicate that his sentence would have been any different without the statements.[46]

**C. Petitioner Israel's Counsel Was Not Constitutionally Ineffective**

Petitioner Israel also asserts that his counsel was constitutionally ineffective.[47] Israel lists eight ways in which he says his counsel was ineffective,[48] but these claims can be condensed into four arguments. To demonstrate constitutionally ineffective assistance of counsel, Petitioner Israel must establish (1) that his counsel acted objectively unreasonably such that he was no longer serving as counsel and (2) that this caused Israel actual prejudice.

First, Petitioner Israel asserts his counsel was ineffective for stipulating to Israel's competence.[49] Israel's attorney requested and was granted a competency evaluation.[50] The doctor conducting this evaluation reported that Israel was competent.[51] The record then indicates that Petitioner Israel explicitly agreed to a stipulation of his own competency in court.[52] Nothing on the record indicates that his attorney acted unreasonably or against his client's wishes. Even if Israel

---

[45] *Id.* at 601 (citing *United States v. Nichols*, 438 F.3d 437, 442 (4th Cir. 2006). The *Graham-Wright* court also noted that, as is the case here, the competency report reflected that the defendant had been informed that the evaluation and report were not confidential and would be shared with the court. *Id.* at 600, 603-04.

[46] Petitioner Israel also argues that his counsel was ineffective by not seeking suppression of statements made during the competency evaluation. The Court addresses this argument in Section III.C with Petitioner Israel's other claims of ineffective assistance of counsel.

[47] Doc. 42 at 10.
[48] Doc. 42-1 at 13.
[49] Doc. 42 at 13.
[50] Doc. 12.
[51] Doc. 16.
[52] Doc. 23 at 3.

-8-

Case No. 5:10-CR-00347
Gwin, J.

could demonstrate that his counsel acted unreasonably, Petitioner Israel does not establish prejudice. The record gives every indication that Israel should have been found competent irregardless of his attorney's stipulation. As discussed above, the record uniformly supported a finding of competence even absent the stipulation.

Second, Israel asserts his counsel was ineffective for failing to negotiate a better plea bargain.[53] Petitioner Israel, however, fails to develop this argument in any meaningful way. Even assuming that his counsel failed to try to negotiate a better plea deal, Petitioner Israel fails to demonstrate any prejudice.

If anything, the limited indications in the record suggest that the prosecution would not have agreed to a more favorable plea bargain. In particular, Petitioner Israel did plead guilty under a plea agreement, albeit not a favorable one.[54] When asked if any other plea offer had been made, the prosecutor responded that none had been.[55] And at sentencing, the prosecutor referred to Petitioner Israel's conduct as "one of the worst cases I've seen in my career of prosecuting offenses against children."[56] While these factors do not necessarily show that the government would have been unwilling to offer a more favorable plea bargain, they do not support any conclusion that the government would have agreed to a more favorable plea agreement.

Petitioner Israel suggests that the government might have been willing to offer a more favorable plea bargain because of concerns over Israel's competency. But any such concerns would have prevented, not facilitated, a plea bargain. In light of Petitioner Israel's lack of specific factual

---

[53] Doc. 42-1 at 13.
[54] Doc. 26.
[55] Doc. 23 at 11.
[56] Doc. 35 at 8.

Case No. 5:10-CR-00347
Gwin, J.

support or meaningful development for this argument, Israel cannot meet his burden of showing prejudice.

Third, Petitioner Israel claims his counsel was ineffective because he failed "to properly investigate and prepare."[57] Specifically, Israel claims his counsel should have investigated and submitted the "records, assessments, and clinical evidence of [Israel's] attending physicians of many years."[58] The Sixth Amendment requires that counsel conduct a proper investigation.[59] But even assuming that Petitioner Israel's counsel completely failed to investigate potential evidence from Israel's prior physicians,[60] and even assuming that doing so was objectively unreasonable, Petitioner Israel has not satisfied *Strickland*'s prejudice prong. Petitioner Israel never specifies the names or treating dates for these physicians, let alone what they would have testified to. Against the backdrop of the strong evidence of competence discussed above, Petitioner Israel has thus failed to demonstrate prejudice from his counsel's alleged failure to investigate.

Finally, Israel asserts that his counsel erred in failing to protect his Fifth Amendment rights by failing to seek suppression of statements Israel made during his competency evaluation.[61] As discussed above, however, Petitioner Israel was adequately informed regarding the nature of the competency evaluation and chose to continue,[62] and even if Petitioner Israel had not been informed, the statements could still have been considered at sentencing.[63] Petitioner Israel's counsel cannot be

---

[57] Doc. 42-1 at 13.
[58] *Id.* at 9.
[59] *See e.g. Porter v. McCollum*, 558 U.S. 30, 33 (2009).
[60] The validity of this assumption is somewhat called into doubt by defense counsel's reliance on Petitioner Israel's social security benefits for a mental disability in seeking a competency evaluation. *See* Doc. 12.
[61] Doc. 42 at 13.
[62] Doc. 16 at 1.
[63] *Graham-Wright*, 715 F.3d 598.

Case No. 5:10-CR-00347
Gwin, J.

faulted for failing to inform Israel on a matter which Israel was already informed or for failing to seek suppression of non-suppressible statements.

**D. Evidentiary Hearing**

Petitioner Israel requests an evidentiary hearing which, pursuant to 28 U.S.C. § 2255, must be ordered "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."[64] "[W]here the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts, no hearing is necessary."[65] Moreover, "the language of [§ 2255] does not strip the district courts of all discretion to exercise their common sense," and "vague, conclusory, or palpably incredible" allegations need not give rise to a full hearing."[66]

As explained above, the record conclusively demonstrates both that Petitioner Israel was competent to enter a plea of guilty and that the use at sentencing of statements made during Israel's competency evaluation presented no Fifth Amendment problem. Petitioner Israel is therefore not entitled to an evidentiary hearing on these issues or on related claims of ineffective assistance of counsel.

Petitioner Israel is also not entitled to an evidentiary hearing on his claim that his attorney was ineffective for failing to negotiate a plea deal. Although Israel claims that the government may have been open to a plea deal because of worries about competence, he presents no specific facts or

---

[64] Doc. 42 at 15.
[65] *Huff*, 734 F.3d at 607 (internal quotation marks and citation omitted).
[66] *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *see Baker v. U.S.*, 781 F.2d 85, 92 (6th Cir. 1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

Case No. 5:10-CR-00347
Gwin, J.

evidence to support this counterintuitive claim.[67] And as described above, the record actually suggests the opposite. Because this claim is conclusory and inherently incredible, an evidentiary hearing is not required to resolve it.

Finally, Petitioner Israel is not entitled to an evidentiary hearing on his claim that his lawyer failed to adequately investigate. This claim centers on counsel's alleged failure to obtain and submit evidence from Petitioner Israel's former doctors. But Petitioner Israel fails to provide any details, such as the doctor's names or treatment dates, or any indication of what the doctors would testify to. As a result, his allegations lack even the minimal specificity necessary to entitle him to an evidentiary hearing.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Israel's motion. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that no basis exists upon which to issue a certificate of appealability.[68]

IT IS SO ORDERED.

Dated: July 20, 2015                    s/ *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[67] Doc. 42 at 13.
[68] *See* 28 U.S.C. § 2253(c).