IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NOS.: 5:10-CR-00347-JG |
| | )               5:14-CV-00214-JG |
| Plaintiff, | ) |
| | ) JUDGE JAMES S. GWIN |
| | ) |
| v. | ) UNITED STATES' RESPONSE IN |
| | ) OPPOSITION TO ISRAEL'S PETITION |
| TIMOTHY B. ISRAEL | ) PURSUANT TO CIV. R. 60(b) [R. 55]. |
| | ) |
| Defendant. | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Carol M. Skutnik, Assistant United States Attorney, in opposition to Timothy Israel's latest filing captioned "Petition Pursuant to Rule 60(b)." As outlined below, Timothy Israel (hereafter "Israel") failed to file a timely appeal with the Sixth Circuit Court of Appeals, to challenge this Court's denial of his Section 2255 petition. He now attempts to circumvent this error by filing the identical issues advanced in his Section 2255 petition from 2014 in a document styled as a Civ. R. 60(b) motion. If the Court treats Israel's pleading as a Motion for Reconsideration, the petition should be promptly denied as no new information has been placed before this Court to cause this Court to reconsider its well-reasoned Order dated July 20, 2015. (R. 49: Opinion and Order, PageID 242)

If this Court treats Israel's pleading as a Civ. R. 60(b) motion, it should be treated as a second or successive motion to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. §2255. As such, Israel has failed to receive authorization from the Sixth Circuit Court of Appeals to file said motion and this Court is without jurisdiction to entertain it. 28 U.S.C. §2255(h)(1), 2244(b)(3)(A).

**A.     Background**

On August 18, 2010, a Grand Jury indicted Israel for three child exploitation counts: one count of receiving visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count 1); one count of distributing visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count 2); and one count of producing child pornography, in violation of 18 U.S.C. § 2251(a) (Count 3). (R. 1: Indictment, PageID 1-2).

The Court appointed attorney Neal G. Atway to represent Israel. (Minutes of Proceedings, 9/14/2010). Pursuant to 18 U.S.C. § 4241, Atway requested a competency evaluation for Israel, which the Court granted. (R. 12: Motion for Psychiatric Exam, PageID 31-32 and R. 13: Order on Motion for Psychiatric Exam, PageID 34-35). To complete the competency evaluation, Israel was transported to the Federal Medical Center at Lexington, KY, where he was observed for 47 days. (R. 14: Writ of Habeas Corpus ad Prosequendum Executed, PageID 36 and R. 16: Sealed Document). Forensic psychologist Dr. Betsy Campbell, Ph.D. authored Israel's forensic report and opined that Israel was <u>not</u> suffering from a mental disease or defect and <u>was</u> competent to stand trial.[1] (R. 16: Sealed Document). Israel and the government

---

[1] Dr. Campbell also diagnosed Israel with Pedophilia and Malingering. (R. 16: Sealed Document).

stipulated to Dr. Campbell's forensic report. (Minutes of Proceedings, 3/29/2011). The Magistrate Judge found Israel to be competent. (R. 20: Report and Recommendation, PageID 52-53).

Israel pleaded guilty to all counts, pursuant to a plea agreement, on March 29, 2011. (Minutes of Proceedings, 3/29/2011). On April 26, 2011, the Court accepted the report and recommendation of the Magistrate Judge finding that based on a de novo view of the record, Israel was competent to enter a plea, that Israel understood his constitutional rights, that Israel was aware of the charges and the consequences of entering a plea, that there was a factual basis for the plea, and that Israel's plea was entered into knowingly, intelligently, and voluntarily. (R. 24: Order Adopting Report and Recommendation Finding Mental Competency, PageID 88-89 and R. 25: Order Allowing Plea Agreement, PageID 91).

On November 8, 2011, this Court sentenced Israel to 240 months imprisonment on Counts 1 and 2, to be served consecutively to each other and to a sentence of 360 months imprisonment on Count 3, for a cumulative total sentence of 840 months imprisonment. (R. 30: Judgment, PageID 113). Israel also received lifetime supervised release on all counts, to run concurrently, and was ordered to pay a $300 special assessment. (Id., PageID 114, 117).

Israel filed his first Notice of Appeal on November 14, 2011. (R. 31: Notice of Appeal, PageID 120-121). He challenged his sentence as substantively unreasonable. On September 19, 2012, the Unites States Sixth Circuit of Appeals affirmed the judgment of this Court. (U.S. v. Israel, Case No. 11-4322, unreported, 6th Cir. 2012). On January 23, 2013, the United States Supreme Court denied Israel's petition for a writ of certiorari. (R. 39: USCA Information Copy, PageID156).

3

On January 31, 2014, Israel, *pro se*, filed a Motion to Vacate under 28 U.S.C. § 2255. (R. 40: 2255 Motion, PageID 165-174).  On June 2, 2014, Israel filed an Amended Motion to Vacate pursuant to 28 U.S.C. 2255 on three grounds: competency, violation of his Fifth Amendment right against self-incrimination at his competency hearing, and ineffective assistance of counsel. (R.42: Amended Motion to Vacate).  On July 20, 2015, this Honorable Court denied Israel's petition on all grounds.  (R. 49: Opinion and Order).  This Court found that the competency hearing was properly conducted and that Israel was both explicitly advised of the non-confidentiality of the evaluation and that the Israel himself acknowledged and agreed to this statement.  (Id, PageID 248).   Furthermore, this Court found that the record evidenced Israel's assertion to the stipulation of his competency in court.  (Id, PageID 249).

Notably, this Court certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the denial of Israel's Section 2255 petition could not be taken in good faith, and that no basis existed upon which to issue a certificate of appealability.  (R. 49: Opinion and Order, PageID253.)

Nevertheless, on August 17, 2015, Israel filed a Notice of Appeal in the U.S. District Court and specifically referenced the District Court's Order dated July 20, 2015, that denied his § 2255 petition.[2]  (R.50: Notice of Appeal, PageID 254).  Israel also filed a request for a certificate of appealability on August 17, 2015, that reasserted his same arguments about the competency report.  (R.51: Request for COA, PageID 255).  It was not until September 2, 2015, in a marginal entry, that this Court amended its order and granted Israel a certificate of

---

[2] It appears Israel mailed the Notice of Appeal directly to the Sixth Circuit Court of Appeals as it bears their date stamp crossed out at the top of the page.  The Notice was then forwarded to the District Court.

4

appealability that permitted Israel to appeal only the claim of ineffective assistance of counsel. (R.53: Marginal Entry Order).

On January 8, 2016, the Sixth Circuit issued an Opinion/Order regarding Israel's Notice of Appeal. The Court of Appeals construed his filing as an application to expand the certificate of appealability granted by this Court and reviewed all of Israel's claims. The Court concluded that none of Israel's other claims warranted a certificate of appealability and granted Israel's motion to proceed in forma pauperis. (U.S. v. Israel, 6th Cir. Case No. 15-3918, Doc. 9-2, p. 4). A copy of the Sixth Circuit Order/Opinion was mailed to Israel c/o U.S.P. Tucson. Thereafter, Israel failed to file his appeal and waited 22 months to send a letter to the Sixth Circuit asking for the appointment of counsel. (U.S. v. Israel, 6th Cir. Case No. 15-3918, Doc. 10-1, p. 2).

On May 29, 2018, exactly 1,000 days later, Israel filed with the District Court a "Petition Pursuant to Rule 60(b)." (R. 55: Petition Pursuant to Rule 60(b), PageID 268). The issues discussed in the petition are the identical issued argued by Israel in his Section 2255 petition and previously overruled by this Court. The District Court Clerk's Office docketed the filing as a Motion for Reconsideration and the Court ordered the Government to respond to the pleading by June 28, 2018.

      **B.**      **Law and Argument**

The claims presented by Israel in his Civ. R. 60(b) motion are a direct attack on the merits of his conviction and therefore, must be treated as a second or successive 2255 motion. Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a conviction or sentence that is alleged to be in violation of federal law. Davis v. United States, 417 U.S. 333 (1974); Cohen v. United States, 593 F.2d 766, 770 (6th Cir. 1979). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, requires

defendants to file Section 2255 claims within one-year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also In re Hanserd, 123 F.3d 922, 924, 932 (6th Cir. 1997) (concerning restrictions pursuant to the enactment of the AEDPA). Section 2244(b)(3)(A), Title 28 of the United States Code, requires that before an second or successive §2255 application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. The text of §2244(b) defines a habeas application as a filing containing one or more "claims." However, a §2255 claim of ineffective assistance of counsel is not barred if it is not raised on direct appeal. Massaro v. United States, 538 U.S. 500, 509 (2003).

In this case, Israel has attempted to circumvent his failure to file an appeal in the Sixth Circuit regarding the denial of his Section 2255 petition by filing his claim as a Rule 60(b) motion. A 60(b) motion allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. The AEDPA did not expressly circumscribe the operation of Rule 60(b), however, its restrictions are made relevant by the fact that Rule 12 of the Rules Governing Section 2255 Proceedings state the Federal Rules of Civil Procedure apply to Section 2255 proceedings only "to the extent that they are not inconsistent with any statutory provisions or these rules." In Re Nailor, 487 F.3d 1018, 1021 (6th Cir. 2007). Therefore, the question before this Court is whether Israel's Rule 60(b) motion is restricted by the provisions of 28 U.S.C. §2244(b)(3)(A). The plain answer is yes.

In Gonzalez v. Crosby, 125 S.Ct. 2641, 545 U.S. 524 (2005), the Supreme Court addressed the issue of whether a 60(b) motion constituted a habeas corpus application in the context of §2254 litigation brought by a state prisoner. The Court found that for purposes of

6

§2244(b) an "application" for habeas relief is a filing that contains one or more "claims" and that a "claim" as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction. The Court observed that virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly, and found those holdings to be correct. Id., at 2647.

The Sixth Circuit, in Nailor, 487 F.3d 1018, 1021, analyzed a 60(b) motion and upheld the district court's ruling that the motion constituted a second or successive §2255 motion that had not received previous authorization from the appellate court. Like Israel, the district court in Nailor denied defendant's previously filed §2255 motion and denied a certificate of appealability. The Sixth Circuit agreed. Nailor then filed a motion with the Sixth Circuit requesting permission to file a second or successive §2255 motion which was denied. Thereafter, Nailor filed a Motion to Reinstate Habeas Corpus Proceedings Pursuant to Rule 60(b) seeking reconsideration of the district court's previous ruling on his §2255 motion.

The Sixth Circuit, citing Gonzalez, 545 U.S. at 532, found that a Rule 60(b) motion that attempts "to add a new ground for relief" is effectively a motion to vacate, set aside or correct the sentence, and thus should be considered a §2255 motion. The Court further held that "use of a 60(b) motion under these circumstances would impermissibly circumvent the requirement that a successive habeas petition be pre-certified by the court of appeals as falling within an exception to the successive petition bar." Nailor, 487 F.3d at 1023. The Sixth Circuit concluded that the district court properly transferred the matter to the Sixth Circuit so that Nailor could request permission to file a second or successive motion.

7

Israel, representing himself *pro se*, makes two familiar arguments in this motion: First that the doctor conducting his competency hearing violated his Fifth Amendment rights, and second, that he was denied effective assistance of counsel because his counsel did not provide proper advisement on the consequences of stipulation to his competency report. This court considered and rejected both of these arguments in its Opinion issued on July 20, 2015. (R. 49: Opinion and Order, Page ID 249-53). This court then gave leave to Israel to appeal these issues to the Sixth Circuit. (R.53: Marginal Entry Order). The Sixth Circuit granted Israel permission to appeal the ineffective assistance of counsel claim but agreed with this Court that Israel was not entitled to appeal the other claims argued in his Section 2255 petition. (U.S. V. Israel, Case No. 15-3918 Doc. 9-2). Nonetheless, Israel asserts that his Certificate of Appealability issued in the Marginal Entry Order on September 9, 2015 is still valid. (R. 53: Marginal Entry Order). In fact, Israel's appeal on those matters are now time barred.

Even assuming arguendo that Israel may still appeal this Court's Opinion and Order denying his Section 2255 petition, this Court must deny Israel's motion. This Court does not have jurisdiction if the matter is still before the Court of Appeals and this Court has no reason to re-litigate Israel's claims either as a Rule 60(b) motion or as a motion for reconsideration.

It is well established that "any claim that has already been adjudicated in a previous petition must be dismissed," as stated in § 2244(b)(1). Gonzalez, 545 U.S. at 529–30. Israel has not alleged any change in the law or new evidence in his case. He has only reiterated his previous claims.

Even if this court were to find that Israel's motion is in fact a 60(b) motion and one that establishes new issues – and despite its best efforts, the United States can identify none – any such issues would be untimely raised and should have been raised in Israel's previous direct

appeal. For challenges raised under rule 60(b)(1)," if a party is partly to blame for the delay in timely challenging a judgment, then relief must be sought within one year…and for relief to be granted, the party's neglect must be excusable." Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014). Moreover, Rule 60(b)(1) and Rule 60(b)(6) "are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). Relief under Rule 60(b)(6) may only be granted in "extraordinary circumstances" and a mere "rephrase[ing] of the [previous] allegations" does not cause a motion to fall under 60(b)(6). Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004). There are only narrow exceptions to the general rule that claims under Rule 60(b) must be filed, at the very most, in one-year and 14 days from the original decision. Gonzalez, 545 U.S. at 535. Even a rule 60(b)(6) motion must be filed "within a reasonable amount of time." Tyler, 749 F.3d at 510 (internal citations omitted).

Israel has not claimed a change in the law. (R.55: Petition Pursuant to Rule 60(b), PageID 268-70). Israel was originally sentenced on November 8, 2011. In his motion, he cites only Rule 60(b)(1) and 60(b)(6). (R.55: Petition Pursuant to Rule 60(b), PageID 269). Therefore, even assuming, *arguendo*, that the court accepts this Rule 60(b) motion, there is no excusable neglect that would enable the timely filing of this motion to be stretched so far. Israel had access to the docket, at the very latest, in January of 2016. Id., PageID 277-78). In fact, Israel's last letter to the Clerk of the Court asking for an update on his case was postmarked January 8, 2016, the same day that his appeal was decided. The Court should find that Israel's motion should be dismissed because it was not timely filed in a reasonable period.

C.      **Conclusion**

Israel's argument was raised in his first Section 2255 motion and was denied by this Court on July 20, 2015, as without merit.  After Israel was granted a Certificate of Appealability on the ineffective assistance of counsel claim, he failed to file a timely appeal with the Court of Appeals.  This is an obvious attack on the merits of the defendant's conviction and a request for relief from his judgment.  As such, the Government respectfully requests this Court find that Israel's Rule 60(b) motion is actually a second or successive §2255 motion, and reject the motion for lack of jurisdiction.  Alternatively, the Court should find Israel's Rule 60(b) motion to be untimely filed and dismiss Israel's motion accordingly.

                Respectfully submitted,

                JUSTIN E. HERDMAN
                United States Attorney

By:     s/Carol M. Skutnik
       Carol M. Skutnik (OH: 0059704)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3785
       (216) 522-8355 (facsimile)
       Carol.skutnik@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2018, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system. A copy will be served by regular U.S. Mail to:

Timothy B. Israel
#56240060
U.S. P. Tucson
P.O. Box 24550
Tucson, AZ 85734
*Pro se*

                                          s/ Carol M. Skutnik
                                          Carol M. Skutnik
                                          Assistant U.S. Attorney